SCANNED
DATE: 1-20-04
BY: [signature]

FILED
IN CLERKS OFFICE
2004 JAN 20 P 3:13
US DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

04 · 10295 WGY

DURAN IRVIN, on behalf of all others
Similarly Situated,

C.A. NO. _____

Referred to MJ-JG Dein

Plaintiff,

v.

ANDREA CABRAWL and / MARY MASTRORILLI

CLASS ACTION

Defendants.

---

I. This action arises under The U.S. Constitution, particularly under The provisions of The Fourteenth Amendment, and under Federal Law, particularly under Title 42, United States Code, Section 1983. This Court has Jurisdiction of This Case under Title 28, United States Code, Section 1343.

II. This action is brought, Pursuant to Rule 23 of The Federal Rules of Civil Procedure, on behalf of plaintiffs and on behalf of all other persons Similarly Situated, who are either now in The Protective Custody Unit, or in The Future will be, incarcerated in The Suffolk House of Correction, State of Massachusetts. Such persons number approximately 70 and Therefore, are So numerous as to make it impractical to bring them all before The Court. There are questions of Law or Fact presented herein, which are common to the entire class of persons represented by plaintiffs herein, and plaintiffs' claims,

as hereinafter set forth, are Typical of The Claims of all of The members of The Class; plaintiffs are qualified to and will fairly and adequately protect the interest of each and all of The members of The Class.

III. Plaintiffs are Citizens of The United States and are Inmates at The Suffolk House of Correction, County of Suffolk, State of Massachusetts.

IV. Defendants now is, and at all Times material here to was, The duly appointed Sheriff and acting deputy Superintendent of The Suffolk House of Correction.

V. Each and all of The acts of defendants under The Color and pretense of The Statutes, regulations, Customs, and usages of The state of Massachusetts and under The authority of The Sheriff office as Deputy Superintendent.

VI. Defendants have promulgated, in her Capacity as The Sheriff and Deputy Superintendent, Certain rules and regulations relating to the access of prisoners to the Law library. Such rules and regulations Limit the access to books, and legal materials.

VII. In addition, prisoners are allowed The use of The unit law library only once per week; which interferes in The pending legal matters Confronting Inmates who are housed in The protective Custody unit. however, only one copy of Legal books from such library is designated for prison use. That number of books in inadequate to Serve The body of 70 inmates required to use the Set, also Their are no Type writers or Copy machine needed

To assist the inmates in preparation of their legal pending Court matters, in which the inmate legal library in General population, is incorporated with a Xerox Copy Machine and Four Legal Type writers.

IX. Defendants Conduct has deprived plaintiffs of the right to due process and equal protection secured by the Fourteenth Amendment to the United States Constitution.

X. Because of the foregoing, plaintiffs, and those whom they represent, have no adequate remedy at law and are suffering, and will continue to suffer great irreparable loss, damage, and injury and are, therefore, compelled to seek equitable relief in this Court.

Wherefore, Plaintiffs demand Judgement:

1. Granting a Temporary and a Final Injunction enjoining defendants from further depriving plaintiffs of their rights to due process and equal protection of the law, and ordering defendants to provide plaintiffs with adequate law books; access to the Law Library and Law Library facilities;

2. Awarding the plaintiffs the reasonable costs and expenses of this action, including attorneys fees; and

3. Granting plaintiffs such other relief as may be just.

Mr. Duran Irvin Pro Se
Mr. Duran Irvin (Pro-se)

Dated: 12-1-03